UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

                                      **MEMORANDUM OPINION
AND ORDER**
Howard Eugene Liner,                    Criminal No. 03-00078 ADM/AJB

        Defendant.

___

Howard Eugene Liner, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Howard Eugene Liner's ("Liner") Motion to Challenge Courts Jurisdiction [Docket No. 146] ("Motion"). Liner contends that the Court lacked jurisdiction over him when his criminal case was adjudicated. Liner argues Public Law 80-772 and 18 U.S.C. § 3231, which confer criminal jurisdiction upon federal district courts, were never enacted into law, are unconstitutional, and therefore void. Based on a review of the file, record and proceedings herein, Liner's Motion is denied.

## II. BACKGROUND

On September 16, 2003, a jury found Liner guilty of one count of making a false statement in violation of 18 U.S.C. § 1001, seventeen counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of money laundering in violation of 18 U.S.C. § 1957 & § 2. Judgment [Docket No. 102]. Liner was sentenced to 135 months in prison, three

years of supervised release, and $1,625,666.67 in restitution. Id. The Eighth Circuit affirmed the decision. United States v. Liner, 435 F.3d 920 (8th Cir. 2006). The Supreme Court denied the petition for a writ of certiorari. United States v. Liner, 547 U.S. 1066 (2006). On July 3, 2006, Liner filed a Motion for a New Trial [Docket No. 122], alleging various errors, but only his claim of newly discovered evidence was timely. Mem. Op. & Order [Docket No. 126] at 2-3. The Court denied the Motion for a New Trial and Liner's subsequent Motion for Reconsideration [Docket No. 131]. On January 17, 2012, Liner filed the instant motion. The court now considers the motion.

### III. DISCUSSION

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Liner contends his conviction and sentence are void because Congress did not properly enact 18 U.S.C. § 3231 into law in 1948. Def.'s Mem. [Docket No. 147] 7. Liner's claim is without any merit.

#### A. Time Limits

First, Liner's motion is untimely. Under Rule 34 of the Federal Rules of Criminal Procedure, the defendant must move the court to arrest judgment for lack of jurisdiction within fourteen days of accepting a guilty verdict. Fed. R. Crim. P. 34(a)(2), (b). Liner's motion, brought nearly nine years after his 2003 conviction, is well beyond the fourteen-day limit and accordingly must fail.

Similarly, a prisoner may seek relief under 28 U.S.C. § 2255 "upon the ground . . . that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). However, a prisoner must move for relief within one year after the underlying judgment

2

of conviction became final. Id. § 2255(f)(1). Liner's judgment of conviction became final on April 6, 2006, when the Supreme Court denied a writ of certiorari. Liner, 547 U.S. 1066. Liner filed the instant motion in January 2012. As such, this motion is barred by the one-year statute of limitations. See 28 U.S.C. § 2255(f)(1).

Additionally, 28 U.S.C. § 2255 offers a remedy to "a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). However, a § 2255 petition is not a substitute for direct appeal and claims which could have been raised on direct appeal are procedurally barred. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). If a petitioner is to avoid this procedural default, he must "show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Matthews v. United States, 114 F.3d 113, 113 (8th Cir. 1997) (citation omitted). Here, Liner's claim could have been raised on direct appeal, but was not. His claim is not based on newly discovered facts or a recent change in the law, nor has he demonstrated actual prejudice. Accordingly, his claim is procedurally barred under 28 U.S.C. § 2255.

### B. Enrolled-Bill Doctrine

Even if Defendant's claim could survive the procedural bar, it fails on the merits. "This is one of the jailhouse lawyers' arguments *du jour*." United States v. Schultz, Nos. 03-CR-08(02), 06-CV-5020, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007). "It has never been accepted, and will not be accepted here." Id. 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes. See United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2006) (holding that charging a defendant with

offenses against the laws of the United States provided the district court with statutory jurisdiction).

Furthermore, "[t]he enrolled-bill doctrine precludes judicial inquiry into the validity of an enrolled bill: a bill certified by the Speaker of the House and President pro tempore of the Senate." Unites States v. Lemon, Crim. No. 08-246, 2011 WL 3347846 (D. Minn. Aug. 1, 2011) (citing Marshall Field & Co. v. Clark, 143 U.S. 649 (1892)). When the President signs a bill so enrolled, "its authentication as a bill that has passed congress should be deemed complete and unimpeachable." Clark, 143 U.S. at 672. "The Act of June 25, 1948, was properly enrolled and signed by President Truman [and therefore] is beyond judicial challenge." Lemon, 2011 WL 3347846 at *2 (citations omitted).

## IV. CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Liner's Motion to Challenge Courts Jurisdiction [Docket No. 146] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 27, 2012.